J-S25006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL DUNCAN | : | |
| | : | |
| Appellant | : | No. 2080 EDA 2020 |

Appeal from the PCRA Order Entered October 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1121761-1993

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 01, 2021**

Appellant, Darryl Duncan, appeals *pro se* from the post-conviction court's order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to his present appeal. The PCRA court summarized the procedural history of this case, as follows:

> On July 20, 1994, Appellant was found guilty of first-degree murder in accordance with 18 Pa.C.S. § 2502(a) and was sentenced to a term of life imprisonment. On April 12, 2019, Appellant filed a writ of *habeas corpus*, asserting that he was given

---

[*] Retired Senior Judge assigned to the Superior Court.

an illegal sentence.[1]  Douglas L. Dolfman, Esq., was assigned as counsel due to [the petition] being Appellant's first [PCRA] petition.[2]  On February 4, 2020, after reviewing Appellant's [p]etition, [Attorney] Dolfman filed a **Finley**[3] letter of no merit.  Due to the time needed to review both the **Finley** letter and Appellant's file, this court scheduled his PCRA matter for April of 2020.

Before this court could file an order dismissing Appellant's PCRA [p]etition, the pandemic known as COVID[-]19 caused a shutdown of the court system in Pennsylvania.  As a result, the court was unable to access any files for approximately two months.  Because of the shutdown, this court was unable to access various documents and files necessary to review cases…[.]  [The court] filed a [Pa.R.Crim.P.] 907 Notice of Dismissal on July 22, 2020.

PCRA Court Opinion, 1/12/21, at 1-2 (footnotes omitted).

Appellant filed a *pro se* response to the court's Rule 907 notice.

Nevertheless, on October 5, 2020, the court issued an order dismissing

---

[1] Specifically, Appellant claimed that his life-without-parole ("LWOP") sentence under 18 Pa.C.S. § 1102(a)(1) is illegal because the statute is unconstitutionally vague regarding the fact that a life sentence means LWOP. Section 1102(a)(1) states, in pertinent part, that "a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)."  Section 9711 addresses the procedure to be followed when the Commonwealth is seeking the death penalty, which it was not in this case.

[2] Appellant does not challenge the court's decision to construe his petition for writ of *habeas corpus* as a PCRA petition.  Nevertheless, we conclude, for the reasons discussed, *infra*, that the court did not err in this regard.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's *pro se* petition as untimely.[4]  Appellant filed a *pro se* notice of appeal on October 22, 2020.  The docket does not show that the court issued an order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  However, the court filed a Rule 1925(a) opinion on January 12, 2021.

Herein, Appellant states one issue for our review:

> The [PCRA c]ourt abused its discretion in dismissing Appellant's petition for *habeas corpus* relief alleging he is illegally confined on the basis of penal statute 18 Pa.C.S. § 1102(a) that is void … [for] vagueness … because it fails to give person(s) of ordinary intelligence notice that the true penalty is [l]ife imprisonment []without parole[.]

Appellant's Brief at 3.

Initially, we observe that Appellant's void-for-vagueness challenge to section 1102(a)(1) is a legality of sentencing claim that is cognizable under the PCRA.  **See Commonwealth v. Moore**, 247 A.3d 990, 997-98 (Pa. 2021).  Thus, the court correctly treated Appellant's writ of *habeas corpus* as a PCRA petition.  **See Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) ("It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief.  Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.*") (citing, *inter alia*, 42 Pa.C.S. § 9542; **Commonwealth v. Fahy**, 737 A.2d

---

[4] The court's October 5, 2020 order was the third order dismissing Appellant's PCRA petition.  The two prior orders were amended by the court due to service issues.  Appellant filed an appeal from one of those prior orders, which was docketed by this Court at 1923 EDA 2020 and ultimately dismissed as duplicative of Appellant's present appeal from the October 5, 2020 order.

214, 223-24 (Pa. 1999)). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Id.** (citing, *inter alia*, **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998)). "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Id.** (footnote omitted).

Consequently, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 1994 and, thus, his present petition filed in 2019 is patently untimely. Therefore, for this Court to have jurisdiction to review the merits of Appellant's legality-of-sentence claim, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden, as he does not argue the applicability of any timeliness exception to his void-for-vagueness challenge to section 1102(a)(1). **See** Appellant's Brief at 7-8. Moreover, given that Appellant's LWOP sentence was imposed in 1994, and his PCRA petition raising his constitutional challenge to section 1102(a)(1) was not filed until 2019, he clearly cannot meet the one-year timeliness requirement of 42 Pa.C.S. § 9545(b)(2). Therefore, we discern no error in the PCRA court's dismissing Appellant's untimely petition. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) ("This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.").

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/1/2021*